JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-02540-SB-PLA | Date: | June 13, 2022 |
|---|---|---|---|

| Title: | *Sabra Harris v. Walmart Inc. et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**  **ORDER GRANTING MOTION TO REMAND [Dkt. No. 17]**

Plaintiff Sabra Harris alleges in a form complaint that she was injured when she slipped and fell in a store operated by Defendant Walmart, Inc. When Plaintiff finally served Walmart sixteen months after filing suit, Walmart timely removed based on diversity jurisdiction. Dkt. No. 1. Plaintiff, whose lawyers have repeatedly violated this Court's orders and have been sanctioned for their post-removal conduct, now move to remand based on their naming of an apparently non-diverse store manager, Neil Batarseh, who was not served before removal. Dkt. No. 17. Notwithstanding Plaintiff's counsel's repeated misconduct, including their violation of the Court's meet-and-confer requirements in filing the instant motion, the Court concludes that Ninth Circuit precedent requires remand because Walmart has not shown that Plaintiff has no possibility of recovering against Batarseh.[1] Plaintiff's request for attorney's fees is denied.

---

[1] The Court finds this matter suitable for decision without oral argument and vacates the June 17, 2022 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15.

## LEGAL STANDARD

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity jurisdiction, *id*. § 1441(b), the removing defendant must prove complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party bears the burden of proof. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant"). There is a "strong presumption" against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

## DISCUSSION

In opposing remand, Walmart first argues that the motion should be denied because Plaintiff did not comply with the meet-and-confer requirements in Local Rule 7-3 or the Court's standing order. The latter requires, among other things, that "Parties must meet and confer either by videoconference, or in person. Email correspondence is insufficient; and motions not supported by a statement that counsel met by videoconference, or in person will be summarily denied." Dkt. No. 7 at 8. Plaintiff, who only corresponded by email with Walmart and did not address the substance of her motion until the day she filed it, admits in her reply that she did not follow the Court's procedures. Dkt. No. 38 at 17. Nevertheless, because Plaintiff's motion challenges the Court's subject-matter jurisdiction, the Court must resolve the parties' dispute even in the absence of a remand motion. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). The Court therefore declines to summarily deny Plaintiff's motion.

Turning to the merits, Plaintiff argues that remand is required because there is not complete diversity between Plaintiff and Defendant Batarseh.[2] Walmart

---

[2] Plaintiff initially also argued that Walmart had not established that the amount in controversy exceeded $75,000, but she withdrew that argument in her reply brief after the Court observed the discrepancy with her position that she needed extra

responds that Batarseh's citizenship should not be considered because he was not properly served and is not a party to the suit.  Plaintiff concedes that she did not serve Batarseh in the 16 months between her filing of this action in December 2020 and Walmart's removal in April 2022.  Walmart also appears to be correct that Plaintiff's purported service of Batarseh on May 9, 2022 was invalid because Plaintiff did not obtain a new summons from this Court.  See *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967) ("[W]here the defendant has never been put on notice of the state court proceeding prior to removal . . . the federal court cannot 'complete' the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure.").  But as the Ninth Circuit has explained, "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."  *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (describing ruling in *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939)); *accord Ross v. United Airlines, Inc.*, No. 2:22-CV-01532-SB-GJS, 2022 WL 1302680, at *2 (C.D. Cal. Apr. 30, 2022) ("Relying on U.S. Supreme Court authority, the Ninth Circuit long ago held [in *Morris*] that the issue of service on a defendant is irrelevant for purposes of determining complete diversity under § 1332(a).").  Thus, Batarseh's citizenship cannot be disregarded simply because he was not served.

      Walmart does not deny that Batarseh is a citizen of California, but it argues that Plaintiff has not asserted any facts showing Batarseh is a California resident and that the Court cannot assume he is.[3]  Walmart, as the removing party, has the burden of establishing that diversity is complete.  *Abrego*, 443 F.3d at 684.  In its notice of removal, Walmart avoided making any express representation about Batarseh's citizenship but argued that he was fraudulently named to defeat diversity, implicitly suggesting that Batarseh is nondiverse.  Where a defendant has sufficient information to identify and discover the citizenship of its employees, courts do not permit the defendant to plead ignorance of the employee's citizenship, even when the employee is unnamed.  *E.g.*, *Collins v. Garfield Beach CVS, LLC*, No. CV-17-3375-FMO-GJSx, 2017 WL 2734708, at *2 (C.D. Cal. June

---

time for discovery because she was seeking more than $1.5 million.  Dkt. No. 38 at 10.

[3] Walmart's evidentiary objections to certain statements in Plaintiff's counsel's declaration related to this and other matters are denied as moot.  *See* Dkt. No. 30-2.  The Court does not rely on the challenged portions of counsel's declaration.

26, 2017) ("[I]t would be unfair to force plaintiffs from their state court forum into federal court by allowing a defendant to plead ignorance about the defendant-employee's identity and citizenship when a defendant was in a position to know that information." (cleaned up)); *Navarro v. Costco Wholesale Corp.*, No. 2:21-CV-03150-AB-AGR, 2021 WL 2826434, at *2 (C.D. Cal. July 6, 2021) ("Ultimately, because Defendant does not refute Plaintiff's reasonable indications of [Defendant's employee's] California citizenship, the Court finds that Defendant has not met its burden of establishing complete diversity."). Moreover, all available information suggests that Batarseh in fact did and does reside in California—he apparently managed the California store in which Plaintiff was injured, and the (invalid) service of process on Batarseh was completed at his home in Simi Valley, California. Dkt. No. 38-1 at 5 of 13. Thus, Walmart has not shown that Batarseh is diverse.

Walmart's strongest argument is that Batarseh's citizenship should be disregarded because he was fraudulently joined as a sham defendant to defeat removal. "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Fraudulent joinder can be established by showing either actual fraud in the pleading of jurisdictional facts or the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Id.* The latter, on which Walmart relies, requires a showing that the non-diverse defendant "cannot be liable on any theory." *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). The removing defendant's burden is "heavy" and there is a presumption against finding fraudulent joinder. *Id.*

Plaintiff's form complaint baldly alleges claims for premises liability and negligence against Walmart and Batarseh, but it contains no allegations identifying any action or inaction by Batarseh that contributed to Plaintiff's injury, nor any suggestion that Batarseh knew that the floor was slippery or even was present at the store when Plaintiff was injured. Dkt. No. 1-1. The complaint plainly fails to plead a plausible cause of action against Batarseh.[4] But that is not the relevant standard. As the Ninth Circuit explained in *Grancare*, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not

---

[4] Because Plaintiff used a form complaint, the Court's standing order required her to file a pleading that complies with the federal pleading standards within 30 days of removal. Dkt. No. 7 at 4. Plaintiff failed to do so.

necessarily been fraudulently joined." 889 F.3d at 549. Thus, the Court must determine whether "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend," or whether Defendant has shown that there is no possibility of recovery against Batarseh. *Id.* at 550. Only in the latter circumstance does the Ninth Circuit permit a finding of fraudulent joinder.

In the context of remand motions in premises liability cases, courts in the Ninth Circuit have repeatedly rejected fraudulent joinder arguments involving defendant managers, finding that there is a possibility of recovery against them under California law. *E.g.*, *Alarcon v. Costco Wholesale Corp.*, No. ED-CV-22-0692 FMO-JCx-, 2022 WL 1449128 (C.D. Cal. May 6, 2022); *Leroy W. v. Costco Wholesale Corp.*, No. LA-CV-20-04265-JAK-FFMx, 2020 WL 7023777 (C.D. Cal. Nov. 30, 2020); *Gallegos v. Costco Wholesale Corp.*, No. CV-20-3250-DMG-GJSx, 2020 WL 2945514 (C.D. Cal. June 2, 2020); *Vreeland v. Target Corp.*, No. C 09-5673 MEJ, 2010 WL 545840 (N.D. Cal. Feb. 11, 2010). To be sure, each of these cases involved factual allegations against the manager that were more specific and substantial than those in Plaintiff's complaint here. But Walmart has neither shown that there is no possibility that Plaintiff could allege such facts against Batarseh nor identified any cases denying remand motions in similar contexts. The Ninth Circuit in *Grancare* noted that it has upheld rulings of fraudulent joinder "where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against that defendant" or "presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." 889 F.3d at 548. Walmart has not made any such showing here.

Given the heavy burden on Walmart to establish fraudulent joinder, the presumption against such a finding, and the principle that any uncertainty must be resolved in favor of remand, the Court cannot find that Batarseh was improperly joined. The Court therefore lacks subject matter jurisdiction and must remand.[5]

---

[5] Walmart also argues that even if the Court finds Batarseh was not fraudulently joined, it may dismiss him because he is not an indispensable party. For that proposition, Walmart cites *Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1181 n.11 (E.D. Cal. 2020), which briefly contemplated such a possibility before remanding a case because the defendant had not shown fraudulent joinder. The court in *Bowles* did not ultimately endorse the defendant's argument but instead "decline[d] to exercise any discretion it may have to drop [the nondiverse party] as a party to this action." *Id*. at 1181. Indeed, the court concluded that "[b]ecause the court has found that there is no fraudulent joinder, it '*must* find that

Plaintiff requests an award of attorney's fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This statute gives district courts "wide discretion" in determining whether to award fees. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). Fees should generally be denied unless the defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Although the Court concludes that remand is required, it is not clear that Walmart lacked an objectively reasonable basis for removing the case. Plaintiff's complaint did not state a plausible claim for relief against Batarseh, and Plaintiff has not cited any cases granting remand where the allegations against a store manager were as sparse as they are here. Moreover, Plaintiff's failure to serve Batarseh during the 16 months this case was pending in state court provides a further basis for Walmart to reasonably conclude that Plaintiff's claims against Batarseh were not serious. Finally, Plaintiff's repeated and egregious misconduct after remand weighs against further rewarding Plaintiff with the fees it incurred while violating the Court's orders and unnecessarily wasting the Court's and Walmart's time.

Indeed, under the circumstances, the Court considers retaining jurisdiction to determine whether further sanctions should be imposed on Plaintiff and her counsel for the further violations of the Court's orders that were not previously addressed. However, the Court declines to do so, concluding that the interests of justice would not be served by prolonging this matter further. Plaintiff's counsel are once again admonished for their violations of the Court's rules.

## ORDER

Because Walmart has not met its heavy burden to establish that Batarseh was fraudulently joined, Plaintiff's motion to remand is **GRANTED**. Plaintiff's request for an award of attorney's fees and costs is **DENIED**. The Court remands this case to Los Angeles Superior Court.

---

the joinder was proper and remand the case to the state court.'" *Id.* at 1181 (quoting *GranCare*, 889 F.3d at 548). This Court likewise concludes that remand is required after a finding that Batarseh was not fraudulently joined.